Justin Fok, Esq., CA Bar #242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 300
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiffs
Jun Liang and Yunqiu Yuan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **Jun Liang;** and **Yunqiu Yuan,**<br><br>          Plaintiffs,<br><br>     v.<br><br>**Alberto Gonzales**, United States Attorney General, U.S. Department of Justice;<br>**Michael Chertoff**, Secretary of the Department of Homeland Security;<br>**Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services;<br>**Christina Poulos**, Director of the California Service Center, United States Citizenship and Immigration Services;<br>**Robert S. Mueller III**, Director of the Federal Bureau of Investigation,<br><br>          Defendants. | Case No. C 07-02349 CW<br><br>**PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT; AND PROPOSED ORDER**<br><br>Date:   October 11, 2007<br>Time:  2:00 PM<br>Judge: Hon. Claudia Wilken<br>Place:  Courtroom 2 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs are applicants who seek to adjust their status to Legal Permanent Resident

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW

1

1  ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the
2  adjudication of Plaintiffs' *I-485 Application to Register Permanent Residence or Adjust Status*.
3        On April 30, 2007, Plaintiffs filed this action seeking mandamus relief and declaratory
4  judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA"). Plaintiffs
5  now seek summary judgment in this action and ask this Court to enter an order requiring
6  Defendants' to expeditiously complete the processing of Plaintiffs' FBI name checks, and
7  requiring the USCIS to complete adjudication of Plaintiffs' I-485 applications within 60 days of
8  receiving the Court's order.  Additionally, Plaintiffs ask that this Court grant reasonable
9  attorney's fees pursuant to the Equal Access to Justice Act  (28 U.S.C. § 2412) as well as any
10 other relief at law and in equity as justice may require.

**STATEMENT OF FACTS**

12       Plaintiff, Jun Liang, is the primary applicant of an *I-485 Application to Register*
13 *Permanent Residence or Adjust Status* ("I-485").  Plaintiff, Yunqiu Yuan, is the derivative
14 applicant of the above I-485 application and cannot receive approval of her application until the
15 primary applicant has been approved.
16       These applications and the filing fees, along with all supporting documentation, were
17 filed with the USCIS California Service Center on April 25, 2005.  *See* Complaint, Exhibit 1.
18       Plaintiffs initiated numerous inquiries to different government officials, as well as to the
19 United States Citizenship and Immigration Services ("USCIS") regarding the status of their
20 delayed I-485 applications.  After each inquiry, Plaintiffs were informed that their cases were
21 pending due to the FBI name check.  *See* Complaint Exhibits 3-9.
22       The USCIS (under the auspices of the Department of Homeland Security) still retains
23 jurisdiction over Plaintiffs' I-485 applications and these applications still remain unadjudicated.
24 It has now been nearly two and a half years since Plaintiffs first filed their I-485's with the
25 USCIS on April 20, 2005.

**ARGUMENT**

27       Plaintiffs are entitled to relief under both the Mandamus Act, and the Administrative
28 Procedures Act ("APA"), in that they may seek to compel an agency to act on a non-

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW

1  discretionary duty. *See Wu v. Chertoff,* 2007 2007 WL 1223858 (N.D. Cal. 2007); *Independence*
2  *Mining Co. C. Babbitt*, 155 F.3d 502, at 207 (9th Cir. 1997)

### I. MANDAMUS JURISDICTION

The Mandamus Act, codified at 28 U.S.C. § 1361, can be used to compel an officer of the United States to perform his/her duty. The act, in its entirety, states "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While the court cannot force the agency to exercise its discretion in a particular manner, the courts can use the Mandamus Act to compel the government to take action. A successful Mandamus plaintiff must establish that: (1) he or she has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other remedy is available. *Iddir v. INS*, 301 F.3d 492, at 499 (7th Cir. 2002).

**A. Plaintiffs have a clear and certain right to the relief requested**

An alien may apply for adjustment of status under 8 U.S.C. §1255(a), which reads in pertinent part, "The status of an alien who was inspected and admitted or paroled into the United States…may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence…" Section 245.2 of chapter 8 of the Code of Federal Regulations establishes the process by which an applicant can apply to adjust his/her status to that of a Legal Permanent Resident. "An application for adjustment of status is made on Form I-485A." 8 C.F.R. § 245.2(a)(3)(iv). Subsection 245.2(a)(5) provides, in pertinent part: "Decision-(i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." Courts have interpreted this language as creating a non-discretionary duty to adjudicate immigrant applications. *See Wu v. Chertoff*, 2007 WL 1223858 *3 (N.D.Cal.); *Quan v. Chertoff*, 2007 WL 1655601 at *2 (N.D .Cal. 2007); *Razaq v. Poulos*, 2007 WL 61884 at *3 (N.D. Cal. 2007)

Arising from this non-discretionary duty, courts have found that applicants who meet the statutory requirements for an immigrant application have a clear and certain right for adjudication. *See Wu v. Chertoff,* WL 1223858 *3. *See also Singh v. Still, 470 F.Supp.2d 1064,*

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW

*1068 (N.D.Cal.2007)* ("petitioners whose applications for adjustment in status are properly before the INS ... have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time."); *Eldeeb v. Chertoff*, 2007 WL 2209231 *18 (M.D.Fla.) (Plaintiff meets the criteria to apply for an I-485 application, and as a qualified applicant CIS had a non-discretionary duty to act on the application.).  Thus, a qualified applicant who has properly filed an I-485 application with the USCIS possesses a clear and certain right to the adjudication of that application.

Defendants concede that the I-485 applications at issue in this case have been properly filed and do not contend that these applications lack any of the requisite elements necessary for approval. *See* Answer ¶ 13.  The Plaintiffs in this case have a clear and certain right to the relief requested.

**B.  The Plaintiffs are owed a mandatory duty**

In addition to showing that there is a clear and certain right to relief, Plaintiffs must also demonstrate that Defendants owe them a mandatory duty to act.  While the courts cannot force a particular discretionary act, courts can use mandamus jurisdiction to compel a government agency to perform a discretionary duty if they have failed to take any action. *See Singh*, 470 F. Supp.2d at 1068 (Defendants conceding that there is mandatory duty to act on adjustment of status applications and the Court finding that pertinent regulations support such a conclusion.) *See also Gelfer v. Chertoff*, 2007 WL 902382 at *1 (N.D. Cal. 2007).

A majority of district courts, including the Northern District of California, have interpreted the language of 8 U.S.C. §1255(a) to mean that while the Attorney General and the Department of Homeland Security ("DHS") have discretion over *how* to adjudicate an application, the decision as to *whether* they must adjudicate is non-discretionary, thus creating a mandatory duty on the Defendant's to adjudicate the I-485 applications in a reasonable time. *See Quan v. Chertoff*, 2007 WL 1655601 at *2; *Razaq v. Poulos*, 2007 WL 61884 at *3; *Singh v. Still*, 470 F.Supp.2d 1064, at 1067 (N.D. Cal. 2007). *See also Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M.1999).

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW

Numerous courts have interpreted the relevant regulations as creating a mandatory non-discretionary duty to adjudicate applications and thus regardless of what the ultimate decision is, the USCIS has a mandatory duty to act on Plaintiffs' applications. *Yu v. Brown,* 36 F.Supp.2d at 931. *See also Aboushaban v. Mueller*, 2006 WL 3041086 *2 (N.D.Cal.) (Judge Bernard Zimmerman reading the statutory text of 8 C.F.R. § 209.2 as "creating a non-discretionary duty to adjudicate the plaintiff's [adjustment of status] application"; *and see Singh v. Still*, No. C 06-2458 EMC, 2006 WL 389817 at 5 (N.D. Cal.) (Judge Edward Chen holding that "[r]egulations support there being such a duty, and the Court finds that this duty to act is not discretionary.")

**C. No other remedy is available**

In order to prevail on an action in mandamus, Plaintiffs must also demonstrate that they have exhausted their administrative remedies. Plaintiffs have made numerous inquires to the USCIS as well as several requests for assistance to their Congressional representatives. *See* Complaint, Exhibits 3–9. Despite Plaintiffs' attempts to further the application process, Plaintiffs' applications are still pending after nearly two and a half years. Plaintiffs have no other remedy available to them other than to continue to wait for the USCIS to act on their applications, and "waiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act." *Fu v. Reno*, 2000 WL 1644490, at 4 (N.D.Tex.,2000).

## II.  APA JURISDICTION

Plaintiffs are also entitled to relief under the APA and 28 U.S.C. §1331. The APA mandates that, "…within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). The APA allows for a district court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Although no time frame is specifically defined by the APA, this Court has held that § 555(b) and § 706(1) of the APA creates a reasonable time requirement for adjustment of status applications. *Aboushaban v. Mueller*, 2006 WL 3041086, at *5 (N.D. Cal. 2006).

**A.  Unreasonable Delay**

"What constitutes unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu*, 36 F. Supp. 2d at 934. In this case, the

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW

Defendants have indicated that the delay is due to the FBI name check. *See,* Complaint, Exhibits 3–9. While Plaintiffs understand the need for the FBI name check, Defendants fail to provide a particularized reason as to why Mr. Liang's name check has taken nearly two and a half years. Defendants apparently believe that because the name check process is under the purview of the FBI and not the USCIS, this should absolve the USCIS of the timeliness requirements in the APA. Recent court decisions in this jurisdiction have found this argument unpersuasive. *See Fu v. Gonzales*, 2007 WL 1742376 at *4 ("Shifting the onus to the FBI does not, however, show timeliness."); *Gelfer,* 2007 WL 902382 at *2 ("Simply asserting that the USCIS is awaiting the results of an FBI name check does not explain why petitioner's application has been stagnant for the past two years.") Without a particularized reason as to why the name check is taking such an inordinate amount of time, this Court has found that both a two and three year delay to be unreasonable as a matter of law. *See Wu*, 2007 WL 1223858, at *10 (three-year delay unreasonable as a matter of law)*; Gelfer,* 2007 WL 902382 at *2 (more than two year delay unreasonable as a matter of law).

**B. Congress's intent as to the timeliness of adjustment of status applications**

While there is no explicit timeliness provision in the APA itself, Congress has manifested its intent as to how long immigrant adjustment of status applications should take. In the year 2000, Congress enacted the Immigration Services and Infrastructure Improvement Act ("Act") to improve the efficiency and processing infrastructure of the immigration system. At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C.A § 1571(b). Thus, Congress could not have intended to permit potentially unlimited delays for the adjudication of the applications at issue. Additionally, Plaintiffs submit that any consideration of what constitutes a "reasonable time" in the adjudication of adjustment of status applications should use this period of 180 days as the touchstone for timeliness.

**CONCLUSION**

Plaintiffs have a clear right to relief under both the Mandamus Act and the

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW

1  Administrative Procedures Act.  Defendants have a clear non-discretionary duty to complete
2  adjudication of Plaintiffs I-485 applications within a reasonable time.  For these reasons,
3  Plaintiffs respectfully request that the Court grant summary judgment in their favor.
4
5
6  Dated: September 7, 2007                                         Respectfully Submitted,
7
8                                                                              _____/s/_____
                                                                                      Justin G. Fok
9                                                                                     Attorney for Plaintiff

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-2349 CW