SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7124
    FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUN LIANG and YUNQIU YUAN, | No. C 07-2349 CW |
|     Plaintiffs, | DEFENDANTS' CROSS-OPPOSITION; AND DECLARATION OF MICHAEL A. CANNON |
| v. | |
| ALBERTO GONZALES, United States Attorney General, U.S. Department of Justice; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services; GERARD HEINAUER, Director of Nebraska Service Center, United States Citizenship and Immigration Services; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation, | Date: October 11, 2007<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor |
|     Defendants. | |

    Pursuant to a revised stipulation, the parties cross-moved for summary judgment for summary judgment in this immigration mandamus action on September 7, 2007. Defendants hereby briefly oppose Plaintiffs' cross-motion and ask the Court to grant summary judgment in Defendants' favor.

    Again, since March 1, 2003, the Department of Homeland Security, not the FBI, has been the agency responsible for implementing the Immigration and Nationality Act. *See* 6 U.S.C. §§ 271(b)(5), 557. Therefore all Defendants besides Michael Chertoff should be dismissed. *See Konchitsky v. Chertoff*, 2007 WL 2070325, at *7 (N.D.Cal.Jul. 13, 2007); *see also* Declaration of

1 Michael A. Cannon (Cannon Decl.) ¶ 40 (attached as Exhibit A).

2 In their motion for summary judgment, Plaintiffs primarily cite to cases in which this District has found jurisdiction over these mandamus actions in which aliens are seeking an order compelling Defendants to adjudicate their applications for adjustment of status more expeditiously. Plaintiffs, however, have not addressed Defendants' argument that the agency's delay is reasonable because there is no firm deadline and Plaintiffs' name checks are pending with the Federal Bureau of Investigation and Defendants have shown that they are doing everything to quicken the process. *Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (applying *Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC")); Cannon Decl. ¶¶ 31-40.

Plaintiffs do argue that while the Immigration and Nationality Act contains no timetable for adjudication of applications for adjustment of status, Congress sets a normative expectation and standard in "The Immigration Services and Infrastructure Improvements Act of 2000" of a reasonable processing time for an immigrant benefit application as no more than 180 days after initial application. *See* 8 USC § 1571. Firstly, this provision was passed prior to 9/11. Secondly, this provision is entitled to little weight as it is precatory and does not give Plaintiffs a right to adjudication of their applications in a particular time frame. *Cf. Chong Yia Yang v. Cal. Dep't Social Svcs.*, 183 F.3d 953 (9th Cir. 1999).

Again, a review of the six *TRAC* factors laid out in Defendants' motion for summary judgment show that Defendants' have not unreasonably delayed actions pertaining to Plaintiffs' adjustment of status applications. Additionally, Plaintiffs have failed to establish that the extraordinary remedy of mandamus is appropriate. For the foregoing reasons, Defendants respectfully move Court for summary judgment in their favor.

Dated: September 20, 2007    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants