1  Justin Fok, Esq., CSB#242272
   Law Offices of Jean D. Chen
2  2107 N. 1st Street, Suite 300
3  San Jose, CA 95131
   Telephone: (408) 437-1788
4  Facsimile:  (408) 437-9788
   Email: jfok@jclawoffice.com
5

6  Attorney for Plaintiffs
   Jun Liang and Yunqiu Yuan
7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                            **OAKLAND DIVISION**

11

12 | **Jun Liang;** and | ) Case No. C 07-02349 CW
   | **Yunqiu Yuan,** | )
13 | | )
   | | )
14 | Plaintiffs, | ) **OPPOSITION IN SUPPORT OF**
   | | ) **PLAINTIFF'S CROSS MOTION FOR**
15 | v. | ) **SUMMARY JUDGMENT**
   | | )
16 | **Alberto Gonzales**, United States Attorney | )
   | General, U.S. Department of Justice; | ) Date:  October 11, 2007
17 | **Michael Chertoff**, Secretary of the Department | ) Time:  2:00 PM
18 | of Homeland Security; | ) Judge: Hon. Claudia Wilken
   | **Emilio T. Gonzalez**, Director of United States | ) Place: Courtroom 2
19 | Citizenship and Immigration Services; | )
   | **Christina Poulos**, Director of the California | )
20 | Service Center, United States Citizenship and | )
21 | Immigration Services; | )
   | **Robert S. Mueller III**, Director of the Federal | )
22 | Bureau of Investigation, | )
   | | )
23 | Defendants. | )
24 |  | )

25

26   I.    **DEFENDANTS ALBERTO GONZALES AND MICHAEL CHERTOFF**
           **SHOULD REMAIN**
27

28

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02349 CW

1

Plaintiffs do not object to dismissing Defendants Gonzalez, Poulos, and Mueller from this action. However, Defendants Alberto Gonzales and Michael Chertoff should not be dismissed.

Defendant Alberto Gonzales is the Attorney General of the United States and this action is being brought against him in his official capacity. The Immigration and Nationality Act ("INA") specifically authorizes the Attorney General of the United States to adjust the permanent resident status of certain aliens who reside in the United States. *See* 8.U.S.C. §1255. While 6 U.S.C. § 271(b) and 6 U.S.C. § 551(d) bestow the power to adjudicate immigrant petitions to the Secretary of the Department of Homeland Security, these statutes do not divest this power from the Attorney General. Furthermore, Defendant Gonzales, as Attorney General of the United States, is the head of the Department of Justice, which oversees the FBI, and the FBI is the agency responsible for the Name Checks that are required for the I-485 applications at issue. In a similar I-485 Mandamus case in this district, Judge Edward Chen determined that Alberto Gonzales was a necessary defendant to the action due to his role as Attorney General of the U.S. Department of Justice and the FBI being one of the Justice Department Agencies. *Singh v. Still*, 470 F.Supp.2d 1064, 1068 (N.D.Cal. 2007)

Accordingly, both Alberto Gonzales and Michael Chertoff should remain as Defendants in this action.

II. **ADJUDICATION OF PLAINTIFFS' I-485 APPLICATIONS IS NON-DISCRETIONARY, DISCRETE ACTION THAT MUST BE COMPLETED WITHIN A REASONABLE TIME**

1. <u>Defendant's Action is Non-Discretionary</u>

Defendants argue that the pace of Plaintiffs applications is at the complete discretion of the Attorney General and that Plaintiffs are not entitled to a decision within any particular time frame. However, numerous courts, including the Northern District of California have found that the duty to adjudicate Plaintiffs' applications is non-discretionary and must be completed within a reasonable time. *See Wu v. Chertoff, et. al.*, 2007 WL 1223858, *3 (N.D.Cal.) (holding that a clear and certain right exists to have immigration status adjustment applications adjudicated in a reasonable time frame); *Gelfer*, 2007 WL 902382 at *2 (the government has a statutorily

prescribed duty to adjudicate a petitioner's immigration status adjustment application 'within a reasonable time' under *5 U.S.C. §555(b)*). Further, to allow the USCIS a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. 555(b) and ultimately would negate the USCIS's duty under 8 C.F.R. 245.2(a)(5). *See Singh,* WL 389817at *3; *Gelfer,* WL 902382 at *2.

### 2. Plaintiffs Seek to Compel a Discrete Lawfully Required Action

Defendants rely upon *Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) which holds that the APA's reference to "a failure to act" is limited to a discrete action that the agency is required to take. Defendants classify Plaintiffs' request for relief as "multiple actions" and therefore should not fall under the protections of the APA. The Court in *Southern Utah* was ruling on an extremely complicated land use matter under the Federal Land Policy and Management Act, which involved multiple parties and the need for "striking a balance among the many competing uses" of the land *Id*. at 57. The Court held that the relief being sought was not a discrete act because the action was not a mandatory *final action* and it required a broad mandate by the court. *Id.* at 67. In the case at bar, the Plaintiffs are simply seeking the adjudication of their I-485 immigrant applications, which is single, mandatory, non-discretionary, and final action.

Defendants further argue that there is no law requiring USCIS to expedite Plaintiff Liang's name check nor is there a law setting a time frame for the completion of the name check. While there is no law requiring the expediting of the name check, there is a law requiring the adjudication of the I-485 application in reasonable timeframe. 5 U.S.C. §§ 551, *et seq.* and 701, *et seq*. As the Court in *Southern Utah* points out, the Attorney General's manual on the APA indicates that the APA, "empowers a court only to compel an agency "to perform a ministerial or non-discretionary act," or "to take action upon a matter, without directing how it shall act." *Id.* at 63 (citing Attorney General's Manual on the Administrative Procedure Act 108 (1947)). Here, Plaintiffs do not ask this Court to compel the USCIS as to *how* it decides their cases, but are asking that Defendants be compelled to make a decision after two and half years of processing.

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02349 CW

1 The adjudication of these applications is a mandated action, and the USCIS must proceed to
2 conclude this matter.

### III. THE DELAY IS UNREASONABLE

Defendants argue that Plaintiffs have failed to establish the existence of an unreasonable delay. "What constitutes unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu*, 36 F. Supp. 2d at 934. In this case, the Defendants have indicated that the delay is due to the FBI name check. *See,* Complaint, Exhibits 3-9. While Plaintiffs understand the need for the FBI name check, Defendants fail to provide a particularized reason as to why Plaintiff Liang's name check has taken nearly two and a half years.

Defendants argue that because the name check process is under the purview of the FBI and not the USCIS, this should absolve the USCIS of the timeliness requirement in the APA. Recent court decisions in this jurisdiction have found this argument unpersuasive. *See Fu v. Gonzales*, 2007 WL 1742376 at *4 ("Shifting the onus to the FBI does not, however, show timeliness."); *Gelfer,* 2007 WL 902382 at *2 ("Simply asserting that the USCIS is awaiting the results of an FBI name check does not explain why petitioner's application has been stagnant for the past two years.") Furthermore, without a particularized reason as to why the name check is taking such an inordinate amount of time, this Court has found that both a two and three year delay to be unreasonable as a matter of law. *See Wu*, 2007 WL 1223858, at *10 (three-year delay unreasonable as a matter of law)*; Gelfer,* 2007 WL 902382 at *2 (more than two year delay unreasonable as a matter of law).

Defendants have unreasonably delayed these applications. The defendants owe a non-discretionary duty to adjudicate Plaintiffs' applications within a reasonable time period. Thus, even without a statutorily mandated deadline, there is still a duty to process these applications within a reasonable time frame, and a wait of almost two and a half years cannot be deemed a reasonable period of time.

///

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02349 CW

4

**IV. THIS COURT SHOULD DENY DEFENDANTS' MOTION AND GRANT PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT WHEN TAKING INTO ACCOUNT FACTORS OTHER THAN THE LENGTH OF TIME OF THE DELAY**

When a statute is silent as to when a government agency must act, the Ninth Circuit has considered six factors in determining whether an agency delay is unreasonable. *Biodiversity Legal Foundation v. Badgley,* 309 F.3d 1166, n. 11 (9th Cir. 2002) (using the six factor test from *Telecommunication Research and Action Center* (*TRAC*) *v. F. C.C.,* 242 U.S. App. D.C. 222, 750 F.2d 70 (D.C. Cir. 1984)). These six *TRAC* factors are: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

The defendants urge this Court to consider these *TRAC* factors, and not just length of time, when making its determination of unreasonableness. Even when considering all six factors, this Court should still find the DHS' delay to be unreasonable and grant Plaintiffs' Motion for Summary Judgment.

**1) The time agencies take to make decision must be governed by a rule of reason**

The Defendants offer no particularized reason as to why Plaintiffs' I-485 applications are suffering from such a long delays other than to give the generic and non-specific explanation that Plaintiff Liang's security check remains pending with the FBI. Heinauer Decl. ¶14. According to Director Heinauer, all I-485 applications must undergo the FBI name check, yet he offers no explanation as to why the name check in Plaintiff Liang's case is taking so long, and just states that they audit the name check's every week to keep up on them. *Id.* Defendants claim that the

DHS and the FBI are processing applications according to a "first in, first out" rule. Motion at 11. Yet Plaintiff Yuan's name check was completed over two years ago, while Plaintiff Liang still waits for his name check to be completed. Heinauer Decl. ¶ 14. These applications were filed on the same day. No explanation has been offered regarding this disparity other than that Plaintiff Liang's case is "still pending." Even given the normal fluctuations inherent in application processing times, a disparity of over two years for two applications that were filed at the same time, breaks from rule of reason and is not demonstrative of a "first in, first out" procedure.

**2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.**

Regarding the second *TRAC* factor, the defendants assert that it does not apply because there is neither a statutory requirement that the FBI process the name check nor one requiring USCIS to adjudicate the application within a certain amount of time. Motion at 10. On the contrary, Congress has given its indication of the speed with which it expects DHS to complete adjudication of I-485 immigrant petitions. In the year 2000, Congress enacted the Immigration Services and Infrastructure Improvement Act ("Act") to improve the efficiency and processing infrastructure of the immigration system. At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C.A § 1571(b). This is certainly a Congressional "indication of the speed with which it expects the agency to proceed" and thus, Congress could not have intended to permit potentially unlimited delays for the adjudication of the applications at issue. Plaintiffs submit that the Court should consider a six-month processing time as the touchstone in determining the "rule of reason."

Additionally, Defendants argue that in order to establish a rule of reason, the court must consider the factors that contribute to the backlogs that both the FBI and USCIS face. However,

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02349 CW

6

this does not diminish the non-discretionary duty to adjudicate Plaintiffs applications, or the reasonable time requirement. *See Singh,* 470 F.Supp.2d at 1068 ("CIS had a duty to process applications and the FBI had a duty to process the name checks within a reasonable time regardless of who was responsible for the delay.")

> **3) Delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake and the court should also take into account the nature and extent of the interests prejudiced by delay**. [1]

Delays in the immigration arena affect human health and welfare, and are thus less tolerable than those affecting only economic interests. *Ibrahim v. Chertoff,* 2007 WL 1558521, at *7 (S.D.Cal., 2007). The harm suffered is much more than a mere "inconvenience" as Defendants claim. Motion at 12. Not only are Plaintiffs unable to work or travel without restriction, but Plaintiffs are unable to accrue the five year wait time required for new legal permanent residents in order to attain their ultimate goal of citizenship. The nearly two and a half year delay in this case has denied Plaintiffs two and a half years worth of the rights and privileges enjoyed by citizens of the United States. Plaintiffs are also suffering from the day-to-day stress of not knowing whether they will be able to settle permanently in the United States or if they will be forced to return to China.

> **4) The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, but the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.**[2]

The defendants posit that the main competing priority to expedited processing in this case is the DHS' and the FBI's ability to safeguard the nation . Motion at 12. However,

---

[1] The third factor overlaps significantly with the analysis of the fifth factor and can both be taken together in the context of immigration applications. *See Razaq v. Poulos,* 2007 WL 61884, at *7 (N.D.Cal., 2007).

[2] The fourth and sixth *TRAC* factors also overlap and can be analyzed together. *See Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1084 (N.D.Cal., 2005).

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02349 CW

7

1 Defendants give no individualized showing that either of the Plaintiffs pose any risk to national
2 security. *Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1082 (N.D.Cal., 2005) (Absent any
3 such particularized showing, defendants' national security argument cannot excuse the
4 administrative backlogs and bureaucratic delay for Plaintiffs' LPR status applications) *See also*
5 *Singh v. Still,* 2006 WL 3898174 at *4 (mere invocation of national security is not enough to
6 render agency delay reasonable per se without further showing as to why Plaintiff requires
7 greater scrutiny.)

8 Defendants further argue that ordering expedited processing in this case would harm
9 other applicants who are also waiting for their immigration benefits by forcing the government to
10 move process applications ahead of others who have been waiting in queue. Motion at 13. The
11 Plaintiffs have been waiting in this hypothetical queue for over two years now. The average
12 processing time for an I-485 application with the requisite name check is approximately 8
13 months. Complaint at Exhibit 11. It is difficult to imagine that there are a great number of
14 applications in queue before Plaintiffs when taking into account this average processing time.
15 Exactly how many applications, or indeed, if there are *any* applications still pending with a filing
16 date prior to April 20, 2005, is left to conjecture as the defendants provide no information as to
17 how many applications this might be.

**CONCLUSION**

19 This Court should deny the defendants' motion for summary judgment. When considering
20 the relevant *TRAC* factors along with the length of time involved in this case, the defendants
21 have failed to show that their actions have been reasonable as a matter of law. Instead, this Court
22 should grant Plaintiffs' motion for summary judgment and order the DHS to expedite Plaintiffs'
23 applications, which have been under review for nearly two and a half years. Plaintiffs have a
24 clear right to relief under both the Mandamus Act and the Administrative Procedures Act.
25 Defendants have a clear non-discretionary duty to complete adjudication of Plaintiffs' I-485
26 applications within a reasonable time. For these reasons, Plaintiffs respectfully request that the
27 Court grant summary judgment in their favor.
28 ///

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02349 CW

Dated: September 20, 2007                                    Respectfully Submitted,


                                                                                                              _____/s/_____
                                                                                                             Justin G. Fok
                                                                                                              Attorney for Plaintiffs